UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08CV-00062-JHM

ITALO PEDICINI                                                                                          PLAINTIFF

VS.

LIFE INSURANCE COMPANY OF ALABAMA                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Life Insurance Company of Alabama, for summary judgment on Plaintiff's bad faith claims [DN 66], on a motion by Defendant to stay all further discovery and for protective order [DN 67], and on a motion by Plaintiff, Italo Pedicini, for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) [DN 78]. Fully briefed, these matters are ripe for decision.

## I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some

"metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). Rule 56 requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

This action arises under a supplemental cancer insurance policy issued by Defendant, Life Insurance Company of Alabama ("LICOA"), to Plaintiff, Italo Pedicini ("Pedicini"). Plaintiff brought this action against LICOA seeking damages for breach of contract, bad faith, breach of duty of good faith and fair dealing, and violation of the Kentucky Unfair Claims Settlement Practices Act. Plaintiff's bad faith claims were bifurcated from his breach of contract claim. Cross-motions for summary judgment on the breach of contract claim were filed with the Court in September of 2009.

By Memorandum Opinion and Order dated February 16, 2010, the Court granted Plaintiff's motion for summary judgment on the breach of contract claim. Consistent with the majority of courts that have addressed this issue, the Court concluded that the term "actual charges" in the supplemental insurance policy is ambiguous. Having concluded that the term is ambiguous and considering LICOA's past treatment of claims based on "actual charges," the Court construed the insurance contract in favor of Plaintiff. The Court found that an insured such as Plaintiff had a reasonable expectation that he would be paid benefits for "actual charges" based upon the amount of the bill for services issued by the medical provider and not based upon the amount paid by Medicare or another third-party payor. Accordingly, LICOA will be required to pay the balance of

the policy limits to Plaintiff in the amount of $19,924.69. A complete recitation of the facts of the case can be found in the Court's Memorandum Opinion and Order entered February 16, 2010, and is incorporated herein by reference. [DN 60.]

Having granted summary judgment on the breach of contract claim, the Court entered a scheduling order on April 5, 2010, establishing deadlines for litigating the remaining bad faith claims. Prior to the completion of discovery, LICOA moved for summary judgment on the bad faith claims. By Order entered June 30, 2010, the United States Magistrate Judge stayed all discovery and deadlines in this matter pending a ruling on this motion.

### III. DISCUSSION

In order to state a claim for either common law or statutory bad faith under Kentucky law, the insured must prove three elements: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." Fed. Kemper Ins. Co. v. Hornback, 711 S.W.2d 844, 847 (Ky.1986) (Leibson, J., dissenting) (adopted by incorporation in Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176, 178 (Ky.1989)). Thus, "[a]n insurer is entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky.1993) (quotation and internal markings omitted). "'The appropriate inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable.'" Farmland Mutual Ins. Co. v. Johnson, 36 S.W.3d 368, 376 (Ky. 2000) (Zilisch v. State Farm Mutual Auto. Ins. Co., 995 P.2d

3

276, 238 (Ariz. 2000)). The insurer is only liable for bad faith, however, if there is "sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky.1993)

The Court agrees with LICOA that because the interpretation of the term "actual charges" under the supplemental cancer insurance policy is fairly debatable, Plaintiff's common law and statutory bad faith claims may not be maintained. In Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Service, Inc., 880 S.W.2d 886 (Ky. Ct. App. 1994), the Kentucky Court of Appeals found that "[w]here there is a legitimate first-impression coverage question for purposes of Kentucky law and recognized authorities support the insurer's position in denying coverage, the insured's claim is fairly debatable as a matter of law and will not support a claim of bad faith." Id. at 891. Because the Court determined as a matter of first-impression in Kentucky that the term "actual charges" in the insurance policy is ambiguous and because there were recognized authorities that supported LICOA's interpretation of the term, LICOA had a reasonable basis to pay benefits based upon the amount accepted as payment by the medical provider and had the right to litigate the interpretation of the term "actual charges." Id.; Wittmer, 864 S.W.2d at 890.

Contrary to Pedicini's argument, LICOA's unilateral decision to change its twenty-year interpretation of the term "actual charges" without notification to its policyholders does not support his bad faith claims in light of the standard for insurance bad faith under Kentucky law. As indicated above, the Kentucky Supreme Court recognizes an insurer's right "to challenge a claim and litigate it if the claim is debatable on the law or the facts." Wittmer, 864 S.W.2d at 890. In the present case, when Pedicini initially began submitting claims under the supplemental cancer

4

insurance policy in March of 2007, the term "actual charges" was fairly debatable. Accordingly, Pedicini's bad faith claim fails as a matter of law.

Finally, Pedicini suggests that LICOA's motion for summary judgment as to bad faith is premature as discovery on that issue is not complete. Unfortunately, nothing that Pedicini could establish in discovery will change the fact that LICOA had a reasonable basis in law to deny a portion of his claim. For these reasons, the Court grants LICOA's motion for summary judgment.

### IV. Motion for Leave to File Second Amended Complaint

Plaintiff moves for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff represents that documents secured by counsel through an open records request directed to the Kentucky Department of Insurance reveal material facts that have not been pled in the action for bad faith and an independent cause of action based upon LICOA's violation of KRS § 304.12-080 and KRS § 304.14-130. (Second Amended Complaint, Count V.) Specifically, Plaintiff alleges that on March 23, 2007, the Kentucky Department of Insurance issued a Rate Filing Approval Order wherein the Department of Insurance placed LICOA on notice that the changes implemented by LICOA with regard to its cancer policies were in violation of insurance statutes and regulations, and in particular, lead to unfair discrimination in violation of KRS § 304.12-080. Plaintiff further alleges that the benefits provided under the supplemental cancer insurance policy were unreasonable in relation to the insurance premiums charged in violation of KRS § 304.14-130.

Fed. R. Civ. P. 15(a)(2) states that after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny a motion to amend where there is "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court denies the Plaintiff leave to amend his pleadings. The new claim Plaintiff asserts is separate and distinct from the remaining bad faith claims and is not timely. Plaintiff filed this action on March 3, 2008. In April of 2009, Plaintiff's bad faith claims were bifurcated from his breach of contract claim. By Memorandum Opinion and Order dated February 16, 2010, the Court granted summary judgment on the breach of contract claim in favor of Plaintiff. On April 5, 2010, Magistrate Judge E. Robert Goebel entered a scheduling order addressing the discovery and dispositive motion deadline related to the remaining bad faith claims. Plaintiff maintains that he filed the motion for leave to amend within the time period prescribed by the Magistrate Judge in the scheduling order. While Plaintiff is correct that the Magistrate Judge set July 1, 2010, as the deadline to amend the pleadings, the scheduling order only related to the remaining bad faith claims. Therefore, this new cause of action asserting statutory violations by LICOA is untimely and should have been asserted well before the disposition of the breach of contract claim in February, 2010.

Furthermore, despite Plaintiff's suggestion that newly discovered evidence necessitated the leave to amend the complaint, a review of the record reveals that the Plaintiff was aware of the facts supporting this new legal theory early in the litigation. Despite this knowledge, Plaintiff failed to pursue the claim until after the Defendant filed a motion for summary judgment on the bad faith claims. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave [to amend], when it places an unwarranted burden on the court[,] when the plaintiff has had previous opportunities to amend," or when it places "an unfair burden on the opposing party." Bjorgung v.

Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008); Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002). Granting leave to amend at this stage in the litigation would significantly delay the resolution of the dispute and substantially prejudice Defendant by requiring it to engage in new discovery related to the new claim, prepare new defenses, and file additional motions. For these reasons, the Court denies Plaintiff's motion for leave to file a Second Amended Complaint.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by Defendant, Life Insurance Company of Alabama, for summary judgment on Plaintiff's bad faith claim [DN 66] is **granted**.

2. The motion by Defendant, Life Insurance Company of Alabama, to stay all further discovery and for protective order [DN 67] is **moot**.

3. The motion by Plaintiff, Italo Pedicini, for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) [DN 78] is **denied**.

cc: counsel of record